Marc Stevens
PO Box 31258
Mesa, Arizona 85275
Phone: 602-635-1974

U.S. COURTS
JAN 28 2013
Rcvd_____ Filed____ Time 2:45 mail
ELIZABETH A. SMITH, CLERK
CLERK, DISTRICT OF IDAHO

FEE PAID
RCPT #20000655

District Court of the United States
District of Idaho

Marc Stevens,
    petitioner,

vs.

Bonner County, Idaho Sheriff Daryl Wheeler,
    respondent

Case No. 2:13-CV-53-REB

Criminal Case No. CR 10-89-N-LAB

**Verified Petition for Writ of Habeas Corpus**

**File on demand**

    Now Comes Marc Stevens petitioner, on behalf of Michael Fitzpatrick, who hereby submits this verified petition to this Court for a writ of habeas corpus. Michael Fitzpatrick is currently being held illegally at the Bonner County Detention Facility 4001 N. Boyer Road Sandpoint, Idaho 83864. Petitioner presents the following on information and belief:

    1. <u>Jurisdiction</u>. This Court has jurisdiction to hear this petition and grant relief pursuant to 28 USC § 2241(a): "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

    2. <u>Petitioner's standing</u>. Petitioner may petition this Court pursuant to 28 USC § 2242: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended **or by someone acting in his behalf**." (emphasis added).

Facts

Lori Hendrickson, a USDOJ lawyer accused Michael Fitzpatrick of four code violations. She made no factual allegations the code applied. Despite repeated pretrial requests for the facts and witnesses Lori relied to prove the code applied and he believed he owed taxes, Lori refused to disclose the items.

In a trial Sept 2012 in the Idaho federal district court, Lori called twenty-eight witnesses. Each time a witness was called Michael objected on grounds the witness had no evidence the code was applicable and he believed he owed taxes. Each time the objection was overruled. On cross, Michael asked each witness is they have evidence proving the code was applicable and he believed he owed taxes. Each time Lori objected and grounds of relevance and the witnesses had no personal knowledge of those matters. Every such objection was sustained.

The jury convicted on two code violations and hung on two. A trial was immediately set for 8 January 2012.

Michael filed pretrial motions to exclude the same witnesses on grounds they, according to Lori, did not have personal knowledge of essential elements of the crime. New judge, Larry Burns, failed to apply rule 602 of the rules of evidence and denied the motion.

Burns also denied a motion to dismiss based on the prosecutor's lack of facts to prove jurisdiction. Burns claims the indictment was evidence.

Throughout the week of 7 January 2013, Burns threatened Michael Fitzpatrick with punishment if he challenged elements of the code violation he was being prosecuted for.

Michael repeatedly requested dismissal on grounds Lori Hendrickson, the prosecutor, had no facts proving the constitution and code applied. Burns insisted the allegations in the indictment. During jury instructions, Burns contradicted his earlier decision by stating the indictment is not evidence.

After the jury had initialing been hung several times, Michael was convicted and taken into custody immediately as a flight risk. Lori Hendrickson offered no evidence to prove this claim.

### Legal grounds for writ

1. <u>No jurisdiction.</u> Judge Burns repeatedly held the indictment itself was evidence the code applied to Michael and proved jurisdiction, see pretrial order 7 December 2012. This is clearly wrong as even Burns made clear in the jury instructions on 10 January 2013 when he explicitly stated: "The indictment is not evidence".

All Lori Hendrickson, the prosecutor, could provide were allegations the code was violated and to the code itself when asked for the facts the code applied.

Being subject to federal law is a major element of the alleged crime and may not be assumed. It was an irrefutable presumption leading to Michael's conviction. It is a denial of a fair trial and violated due process, *see* <u>Vlandis v. Kline,</u> 412 U.S. 441.

2. <u>Larry Burns threatened Michael.</u> Starting on Monday 7 January 2013 with the pretrial, judge Larry Burns started a week of constant threats against Michael if he challenged the facts the constitution and code applied to him. Michael was accused of violating a code and was not permitted to challenge the applicability. Burns stated on 9 January 2013, without the jury present, that he was going to permit this essential element of the code violations to be "presumed".

All elements of the code violations are to be proven beyond a reasonable doubt. Presuming an element is a denial of a fair trial and due process.

It is stressful enough to be put through a trial, but a second trial where the judge is continually threatening added a tremendous amount of duress making it almost unbearable for Michael. One cannot have a fair trial when under such duress.

3. <u>Jury instructions assumed an element</u>. Burns gave jury instructions the code was applicable and Michael was a taxpayer with a tax liability. There were no facts presented to prove this and Michael was threatened each time he tried to challenge this.

Those instructions to the jury was an assumption of an element of the code violation. A code violation cannot be proven beyond a reasonable doubt without proving the code is applicable beyond a reasonable doubt. Jury instructions are not proving the element beyond a reasonable doubt.

Such also created an irrefutable presumption and all but guaranteed a conviction. Such presumptions violate due process, *see* <u>Vlandis v. Kline</u>, 412 U.S. 441.

4. <u>No presumption of innocence</u>. From the start Burns insisted he had jurisdiction over Michael despite any facts from Lori Hendrickson. The applicability of the code is an element of the code violation. By assuming the code was applicable Burns could not presume innocence of the code violation.

Either the code is presumed not to apply (presumption of innocence) or Burns assumes it is despite any facts from the prosecution.

By not presuming Michael's innocence Burn's denied Michael a fair trial and violated due process.

5. <u>Allegations of flight risk are arbitrary and malicious</u>. Because of the conviction in Sept. 2012, Michael has been forced to wear an ankle bracelet. Throughout the past decade this investigation and prosecution has been going on, Michael has not missed a court date. Burns ordered Michael immediately into custody despite there being no evidence: "The government must prove risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence." <u>United States v. Cisneros</u>, 328 F.3d 610 at 616.

There is no evidence Michael is a flight risk awaiting sentencing. Having Michael immediately taken into custody is malicious.

6. <u>All witnesses previously determined not qualified</u>. Rule 602 of the federal rules of evidence do not permit people to testify unless there is evidence the person has personal knowledge of the matter. In the prior trial each of Lori Hendrickson's witnesses were ruled, on Lori's objections, to not have relevant testimony and personal knowledge relating to three elements of the code violations,

Despite agreeing with judge Lodge's decisions the witnesses had no relevant testimony and personal knowledge, judge Burns permitted the witnesses to testify again. This is a violation of rule 602 and due process. It also demonstrates a bias so strong in favor of the prosecution a fair trial was not possible.

7. <u>Denial of effective cross</u>. Michael was not permitted to challenge the allegations the code applied to him. Even when the IRS expert testified the liability was based on the code and the constitution, Michael was not permitted to question him.

Burns, when stopping the cross at one point, stated the constitution was not relevant to the proceedings. The witness testified otherwise.

Michael was also denied the opportunity to cross the witnesses on the issue of willfulness. When asked about the coercive nature of taxation, the witnesses were not permitted to answer. Because taxes are coercive, paying is done under threat, duress and coercion, any payments Michael made were not because he believed I was required to pay, but to avoid going to jail.

A denial of effective cross-examination is a violation of due process.

8. <u>Undue influence on jury</u>. The jury hung after only a few hours. Burns said they would have to come back the next day and continue deliberations. If they were still hung, he would declare a mistrial.

That didn't happen. Despite coming back hung, Burns kept sending them back to make a decision.

<u>Relief sought</u>

Based on the foregoing, plaintiff requests the Court to issue the writ of Habeas Corpus to Sheriff Daryl Wheeler at Bonner County Detention Facility 4001 N. Boyer Road Sandpoint, Idaho 83864, to bring Michael Fitzpatrick to court and prove there are facts proving there is jurisdiction and the imprisonment is legal.

I declare that the foregoing is true and correct this 25 day of January 2013.

_____
Marc Stevens