# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| MARC STEVENS, | CASE NO. 2:13-CV-53-LAB |
| Petitioner, | [Related Case No. CR 10-89-N-LAB] |
| vs. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| Bonner County, Idaho Sheriff DARYL WHEELER, | |
| Respondent. | |

Petitioner, Marc Stevens, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on behalf of Michael George Fitzpatrick, defendant in related case no. CR 10-89-N-LAB. The federal habeas statute provides that a petition "shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). Mr. Stevens claims he has standing because he's acting on Mr. Fitzpatrick's behalf. He does not.

So-called "next-friend" standing doesn't arise simply on the putative next-friend's say so. Rather, "the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310

F.3d 1153, 1159–60 (9th Cir. 2002) (quoting *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001)).

Mr. Stevens doesn't even attempt that showing, and in all likelihood can't make it. To the contrary, he displays the characteristics of an "intruder[ ] or uninvited meddler[ ]" with only a "generalized interest in constitutional governance" as he understands it. *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). It is precisely this kind of person that the limitations on next-friend standing are intended to screen out.

This petition is therefore **DISMISSED WITHOUT PREJUDICE** for lack of standing.

**IT IS SO ORDERED**.

DATED: February 1, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge